**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210164-U

Order filed October 28, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 9th Judicial Circuit, McDonough County, Illinois, |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) ) | Appeal No. 3-21-0164 Circuit No. 19-TR-2149 |
| JOSHUA LAFARY, | ) ) | Honorable William E. Poncin, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE DAUGHERITY delivered the judgment of the court.
Justices Hauptman and Hettel concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*:   The court erred by granting defendant's motion to suppress.

¶ 2        The State argues that the McDonough County circuit court erred by determining that

when a deputy's reasonable suspicion dissipated, his request for defendant, Joshua Lafary's,

identification was unlawful. We reverse and remand.

¶ 3                                I. BACKGROUND

¶ 4    The State charged defendant with driving while his license was revoked (625 ILCS 5/6-303 (West 2018)). Defendant filed a motion to suppress arguing that Deputy Andy Jackson did not have a reasonable, articulable suspicion of criminal activity to justify conducting a traffic stop of defendant.

¶ 5    At the suppression hearing, Jackson testified that at 9:20 p.m., while traveling southbound, he observed a black truck with only one working headlight traveling northbound on Route 41 "just south of Bushnell in the country." There was a car in front of the truck but no other vehicles in the area. It was dark outside. When Jackson turned around, he could only see the car on Route 41 but observed a bigger dark-colored vehicle, which he assumed was the truck, travelling east on 1550. There were no roads between where Jackson turned around and 1550 where he stopped the truck. Jackson did not see any additional vehicles and he "could see all the way to Bushnell." He turned around within a quarter of a mile and it took "[a] minute, maybe two." While turning around, Jackson lost sight of the truck. After turning around, when he saw the truck, it was within a mile or two ahead of him. At that point, Jackson could not see the truck's headlights. While behind the truck he did not observe any additional traffic violations. Jackson followed the truck for approximately a half of a mile before effectuating a stop. Jackson believed the truck may have turned onto 1550 to get away from him because in his experience, someone trying to get away will take the first exit. When Jackson reached the tailgate of the truck he saw a white water tank in the bed which he did not see when he was passing it, and thought he may have pulled over the wrong truck. He made contact with the driver, defendant, and admitted he was not sure he had the correct person. Jackson ran defendant's information through dispatch and determined that his license was revoked. Jackson arrested defendant. He

2

could not determine if the headlights were working at that point because they were shut off, but later during inventory of the truck he determined a headlight was not working.

¶ 6    The court found Jackson had a reasonable, articulable suspicion to stop the truck but because Jackson did not immediately ascertain whether the headlight was working and he no longer had a reasonable suspicion because he thought he had the wrong vehicle, there was no justification for further inquiries of defendant. The court granted defendant's motion to suppress. The State filed a certificate of impairment pursuant to Illinois Supreme Court Rule 604(a)(1) (eff. July 1, 2017) and a notice of appeal.

¶ 7                                   II. ANALYSIS

¶ 8    Pursuant to *People v. Cummings*, 2016 IL 115769, the State argues that the court erred in determining that Jackson could not make any inquiries of defendant once Jackson's reasonable suspicion dissipated. The State argues that *Cummings* specifically allows an officer who conducts a traffic stop to make ordinary inquiries incident to the stop even if the officer's reasonable suspicion, which justified the stop, dissipated. *Id.* ¶ 18. Defendant concedes the court's reasoning for suppression was erroneous. The parties are correct that *Cummings* allows an officer who has conducted a valid traffic stop to make ordinary inquiries incident to the stop even if the reasonable suspicion justifying the stop has dissipated. See *id.* Thus, the court clearly erred in finding otherwise.

¶ 9    However, that does not end our inquiry because defendant argues that this court can affirm for any reason and Jackson did not have a reasonable, articulable suspicion of criminal activity to justify stopping defendant such that suppression was warranted. Defendant also argues that the State forfeited any argument that Jackson had a reasonable articulable, suspicion because it did not make that argument in its opening brief.

¶ 10       As to defendant's forfeiture argument, we note that the court ruled in the State's favor

regarding whether the stop was justified at its inception. Thus, the State is not challenging that

decision on appeal and would not necessarily need to address it in its opening brief. Notably, the

State's opening brief sets forth the substance of what its argument was on this issue in the circuit

court. Regardless, even if the State's failure to argue the issue could be construed as a forfeiture,

forfeiture is a limitation on the parties, not the court. See *People v. Sophanavong*, 2020 IL

124337, ¶ 21.

¶ 11       Turning to defendant's argument that this court should affirm on the basis that Jackson

did not have reasonable, articulable suspicion, we apply a two-part standard of review to a circuit

court's decision on a motion to suppress. See *People v. Timmsen*, 2016 IL 118181, ¶ 11. The

court's factual findings are upheld unless they are against the manifest weight of the evidence,

but we review *de novo*, the legal conclusion as to whether suppression is warranted. *Id.*

¶ 12       Pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968), an officer may conduct a brief,

investigatory stop of a person if the officer has a reasonable, articulable suspicion of criminal

activity. *Timmsen*, 2016 IL 118181, ¶ 9. Less is needed to meet the standard of reasonable

suspicion than is required to establish probable cause. *People v. Thomas*, 198 Ill. 2d 103, 110

(2001). The facts are to be viewed "from the perspective of a reasonable officer at the time that

the situation confronted him or her" rather than with analytical hindsight. *Id.* The validity of a

seizure is determined based upon the totality of the circumstances. *Timmsen*, 2016 IL 118181,

¶ 9. "[T]he determination of reasonable suspicion must be based on commonsense judgments and

inferences about human behavior." *Illinois v. Wardlow*, 528 U.S. 119, 125 (2000).

¶ 13       The totality of the circumstances compels the conclusion that Jackson had a reasonable,

articulable suspicion of criminal activity to justify stopping defendant. Specifically, Jackson

observed a truck with only one working headlight, which is a traffic infraction. See 625 ILCS 5/12-201(b) (West 2018) (requiring that, after sunset, vehicles other than motorcycles exhibit on the front of the vehicle "2 lighted head lamps"). Although Jackson lost sight of the truck for a brief time, it was dark and in a rural area such that headlights would be readily visible. Jackson initially observed only two vehicles on the road—a car and the truck with only one working headlight. After Jackson turned around, he again observed only two vehicles—the car and what he thought was the truck. There were no roads between where he turned around and the road he stopped defendant on. A commonsense view of these facts leads to the conclusion that Jackson had a reasonable suspicion that that the truck he observed after turning around was the same truck he observed with only one working headlight. Therefore, the stop was justified and suppression was not warranted.

¶ 14                             III. CONCLUSION

¶ 15        The judgment of the circuit court of McDonough County is reversed and remanded.

¶ 16        Reversed and remanded.